UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JOE PEPPERS and NATASHA PEPPERS, as surviving natural parents and next of kin of STEWART PEPPERS, deceased,<br>    Plaintiffs,<br>v.<br><br>WASHINGTON COUNTY, TENNESSEE; SHERIFF ED GRAYBEAL, JR., individually and in his official capacity; LIEUTENANT JASON LOWE, in his individual and official capacity; CORRECTIONS OFFICER MARTIN, in his individual and official capacity; CORRECTIONS OFFICER DRAPER, in his individual and official capacity; CORRECTIONS OFFICER CORNETT, in his individual and official capacity; CORRECTIONS OFFICER GARMIN, in his individual and official capacity; and CORRECTIONS OFFICER RICHARDS, in his individual and official capacity,<br>    Defendants. | No. 2:13-cv-0180 |

## **MEMORANDUM OPINION AND ORDER**

This § 1983 matter is before the Court on the motion of the defendants for partial dismissal, [Doc. 11]. Plaintiffs have responded, [Doc. 14], and the matter is ripe for disposition. For the reasons which follow, the motion for partial dismissal is GRANTED.

The underlying basis for this lawsuit involve claims against Washington County, Tennessee and its employees relating to the death of the plaintiffs' son, Stewart Peppers, on August 29, 2013. Plaintiffs clearly assert claims under 42 U.S.C. § 1983 but also make reference in their complaint to "state law claims pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20101, et seq." The defendants asserts that the state law claims

1

should be dismissed and that all claims against the sheriff of Washington County and Washington County's employees in their official capacities should be dismissed.

The defendants argue that the suits against the individual defendants in their official capacity is redundant because plaintiffs have sued Washington County, Tennessee. It is clearly established that official capacity suits are, in all respects other than name, to be treated as a suit against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Sixth Circuit has directed district courts that official capacity suits should be dismissed where the same claims are also brought against the county. *Jackson v. Shelby County Gov't*, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008). Plaintiffs, in their response, acknowledge the law and agree with defendants on this issue but "adamantly maintains [sic] action against the named individual defendants in their 'individual capacities' at this stage of these proceedings" should not be dismissed. Defendants do not seek dismissal of the individual capacity claims under federal law at this stage. A motion to dismiss individual plaintiffs in their official capacities will, therefore, be GRANTED.

The defendants also assert that the Court should decline supplemental jurisdiction over plaintiffs' state law claims and dismiss those claims for lack of subject matter jurisdiction. Tennessee has removed immunity for a governmental entity for negligent acts or omissions of its employees; however, any claims for damages must be brought strictly in compliance with the terms of the Tennessee Governmental Tort Liability Act which establishes the exclusive jurisdiction for such claims in the circuit court. Tennessee Code Annotated § 29-20-3007. Defendants argue that this Court should decline to exercise supplemental jurisdiction because the provisions of Tennessee Code Annotated § 29-20-307, which vest an exclusive jurisdiction for governmental tort liability claims in the circuit courts, constitute "exceptional circumstances" for

2

Case 2:13-cv-00180-JRG-MCLC   Document 37   Filed 03/26/14   Page 2 of 4   PageID #: 419

purposes of declining supplemental jurisdiction, relying on *Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 446 (6th Cir. 2000), abrogated on other grounds by *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001) and two recent decisions from this Court, *Cass v. Tennessee Valley Authority, et al.*, No. 3:10-CV-307 and *Calhoun v. Carter County, Tennessee*, No. 2:12-CV-398. Plaintiffs respond in opposition, arguing that defendants' argument "fails to consider that this cause of action for constitutional violations that give rise to the state claims for Wrongful Death which is a state claim," and that the claims may be more expeditiously addressed in this Court.

As noted above, this Count has considered the very issue raised by the defendants in a prior memorandum opinion and order in *Calhoun v. Carter County, Tennessee*, No. 2:12-CV-398, Memorandum Opinion and Order [Doc. 11], June 6, 2013. As noted in that order, because the Court has undisputed federal question jurisdiction over plaintiffs' claims under § 1983, it may, in its discretion, exercise supplemental jurisdiction over plaintiffs' state law claims ancillary to the relief sought. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). A federal district court may, however, "decline to exercise supplemental jurisdiction over a claim" where, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

All of plaintiffs' state law claims against Washington County arise under the Tennessee Governmental Tort Liability Act. As noted above, the Governmental Tort Liability Act expressly provides that "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter," Tenn. Code Ann. § 29-20-307, and further requires that all claims be brought in "strict compliance" with the Act. Tenn. Code Ann. § 29-20-201(a). The Sixth Circuit has found that the "unequivocal preference of the Tennessee Legislature that

3

TGTLA claims be handled" by state courts "is an exceptional circumstance for declining jurisdiction." *Gregory*, 220 F.3d at 446.

As noted in the Court's prior memorandum in *Calhoun*, district courts in Tennessee have split over whether to decline to exercise supplemental jurisdiction over pendent state law claims brought under the TGTLA, including courts in this district. Despite that split of authority, however, this Court has concluded that the exclusivity provision of the Tennessee Governmental Tort Liability Act provides a compelling reason for the Court to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(C)(4). The Court sees no reason to take a different position in this case.

For these reasons, the Court declines to exercise supplemental jurisdiction over plaintiffs' claims brought pursuant to state law and those claims are DISMISSED WITHOUT PREJUDICE.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE