UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| JOE PEPPERS and NATASHA PEPPERS, as surviving natural parents and next of kin of STEWART PEPPERS, deceased,<br><br>v.<br><br>WASHINGTON COUNTY, TENNESSEE, et al,<br><br>    Defendants. | No. 2:13-cv-0180-JRG-MCLC<br>JURY DEMAND |

### RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE DEFENDANTS' EXPERTS, FERSLEW AND MASH

### Introduction

The plaintiffs have moved to exclude Kenneth Ferslew and Deborah C. Mash as expert witnesses in this case pursuant to the standards of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.

Neither Dr. Ferslew nor Dr. Mash are retained experts in this case. Nonetheless, Dr. Ferslew and Dr. Mash were disclosed pursuant to Rule 26(a)(2)(A) and (C) of the Federal Rules of Civil Procedure because they are witnesses who are expected to provide testimony that is expert in nature under Federal Rules of Evidence 702, 703, or 705. The defendants respectfully submit that the plaintiffs' Motion to exclude them should be denied.

**Argument**

    I.    <u>Dr. Kenneth E. Ferslew</u>

Dr. Ferslew is a professor and the Director of the Section of Toxicology at the James H. Quillen College of Medicine. His laboratory, ETSU Toxicology, is part of the William L. Jenkins

Forensics Center.  Dr. Ferslew participated in the autopsy of Stewart Peppers and provided the toxicological analysis for the autopsy.

Although the plaintiffs have moved to exclude Dr. Ferslew in his entirety, they did not take issue with his qualifications or expertise and do not provide the Court with any basis to exclude him as an expert.  Instead, the plaintiffs attack one portion of the toxicology report in which Dr. Ferslew discusses the presence of cannabinoids (marijuana) in Mr. Peppers' system and provides an opinion that Mr. Peppers smoked marijuana "1.42 to 2.6 hours prior to the time of death with a confidence interval of 0.54 to 4.98 hours".  [Doc.34-1, PageID #: 393]

Although the plaintiffs take issue with this opinion, they do not submit any expert testimony contradicting the opinion nor have they submitted any basis to indicate that the testing and analysis process employed by Dr. Ferslew is not scientifically correct.  Instead, the plaintiffs merely argue that, since no correctional officer witnessed Mr. Peppers smoking marijuana in jail during the time frame to which Dr. Ferslew opines, Dr. Ferslew's opinion must somehow be unreliable.  Plaintiffs' assertion is not a valid basis to exclude Dr. Ferslew's opinion but is instead simply a matter for cross-examination.  Thus, the Court should not exclude Dr. Ferslew's opinions with respect to Mr. Peppers' use of marijuana.

Additionally, even if the Court were to limit or exclude that opinion, the plaintiffs have provided no basis to exclude Dr. Ferslew as an expert on other issues addressed in his toxicology report relating to Mr. Peppers' use and possession of steroids.

## II. Dr. Deborah Mash

Dr. Mash is a Professor of Neurology and Molecular and Cellular Pharmacology at the Miller School of Medicine at the University of Miami. She holds a Ph.D. and has a post-doctoral Fellowship from Harvard Medical School Beth Israel Hospital.

The plaintiffs initially argue that Dr. Mash should be excluded as an expert because the defendants did not provide an expert report or the other items required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. However, Dr. Mash is not a retained expert. Instead, Dr. Mash was involved in the analysis of Mr. Peppers' brain for the purposes of the autopsy. Brain tissue was sent to the University of Miami for assessment and analysis. Dr. Mash reported on the findings relating to the brain tissue analyzed. Her assessment and report became part of the autopsy report. [Doc. 34-1, PageID #: 403]

Thus, since Dr. Mash is not a retained expert, the defendants were not required to provide an expert report or the other items required for expert testimony by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and were only required to comply with the provisions of Part (C) of that Rule, which the defendants did.

The plaintiffs also indicate that they would seek to disqualify Dr. Mash as an expert even if the defendants had provided the documents under Rule 26(a)(2)(B). The plaintiffs argue that Dr. Mash is not qualified to render any medical opinions because she is "quite simply a scientific researcher, without any medical training in the fields of Pathology". [Doc. 66, PageID #: 615] Although the plaintiffs make this statement, they provide no analysis or argument to support.

The defendants did not select Dr. Mash as an expert in this case. Instead, her expertise was sought by Medical Examiner for the State of Tennessee. It is difficult to fathom that the Medical

3

Examiner would send portions of Mr. Peppers' brain off for testing and analysis to someone who is not qualified to provide the requested chemical analysis and report on the information, findings, and significance of those findings. Additionally, Dr. Mash did not make the final pathological determination as to the cause of death for Mr. Peppers but instead, acted as a consultant and provided a portion of the information and analysis relied upon by the forensic pathologist to reach that determination. The plaintiffs have simply provided no basis for the Court to conclude that Dr. Mash is not qualified to express the opinions outlined in her consultation report which was provided as part of the autopsy. [Doc. 34-1, PageID #: 404-406]

The plaintiffs also suggest that Dr. Mash's expected expert testimony is unreliable because it relates to the condition of excited delirium. For this position, the plaintiffs refer to an Affidavit from their paid expert, Dr. Dragovic, who opines that excited delirium is not a "cause of death" or "supportable by standardized scientific testing or demonstrable post mortem findings". [Doc. 66-1, PageID #: 619]

However, excited delirium is frequently found to be the cause of death by medical examiners and has been so identified in cases. *See e.g. Martin v. City of Broadview Heights*, 712 F.3d 951 (6th. Cir. 2013). While, as in *Martin*, the cause of death was disputed by experts, the defendants have not found any opinion in the Sixth Circuit where the court has excluded an opinion that a death was caused by excited delirium. To the contrary, in *Lee v. Metropolitan Government of Nashville*, 2009 WL 246229 (M.D. Tenn. 2009), the Middle District specifically found that the Chief Medical Examiner for the State of Tennessee was entitled to offer the opinion that the cause of death was due to excited delirium despite the plaintiff's objections. Thus, the mere fact that Dr. Mash will be

4

addressing testing and findings relating to excited delirium it is not a basis to exclude her as an expert.

Since Dr. Mash is not a retained expert and is from Florida, the defendants anticipate taking her deposition for proof prior to trial. To the extent that the Court has any concerns about her qualifications or her specific opinions, the defendants have no objection to submitting her testimony to the Court prior to trial for a review by the Court.

## Conclusion

Based upon the foregoing, the defendants submit that plaintiffs' motion to exclude Dr. Ferslew and Dr. Mash as experts should be denied.

Respectfully submitted,

 s/ Jeffrey M. Ward
JEFFREY M. WARD, BPR # 016329
THOMAS J. GARLAND, JR., BPR # 011495
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN 37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com
tgarland@milligancoleman.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2015, a copy of the foregoing Response to Plaintiffs' Motion to Exclude Defendants' Experts, Ferslew and Mash was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                        *s/ Jeffrey M. Ward*
                                        JEFFREY M. WARD, BPR # 016329
                                        MILLIGAN & COLEMAN
                                        P. O. Box 1060
                                        Greeneville, TN 37744-1060
                                        423 639-6811
                                        423 639-0278 facsimile
                                        jward@milligancoleman.com