UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JOE PEPPERS and NATASHA PEPPERS, ) <br> as surviving natural parents and next of kin of ) <br> STEWART PEPPERS, deceased, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WASHINGTON COUNTY, TENNESSEE, *et al.*, ) <br> ) <br> Defendants. ) | No. 2:13-CV-180 |

<u>MEMORANDUM OPINION AND ORDER</u>

The plaintiffs filed this section 1983 action and allege the defendants violated the Fourteenth Amendment rights of their son, who was a pretrial detainee, by using excessive force, resulting in his death. The individual capacity defendants moved for summary judgment, [Doc. 15], based upon qualified immunity. The Court denied the motion, for there existed genuine issues of material facts taking the facts in the light most favorable to the plaintiff. [Doc. 47]. Now, several motions have been filed regarding Defendant Washington County, Tennessee. First, Defendant Washington County filed a Motion for Summary Judgment, [Doc. 71]. The plaintiffs responded, [Doc. 76]. Based on assertions made in the Response, all defendants filed a Second Motion for Summary Judgment, [Doc. 85], once they received leave from this Court. Without seeking leave from this Court, the plaintiffs filed their own Motion for Summary Judgment as part of their Response to defendants' Second Motion for Summary Judgment, [Doc. 92]. The Court will address each motion in turn albeit in a different order than filed after a brief discussion of the facts.

## I. FACTS

The majority of facts were previously stated in this Court's February 19, 2015 Memorandum Opinion and Order. The Court will not recite them again here. There are, however, additional facts set forth below.

The following facts relate to training regarding the restraint chair which is the subject-matter of Defendant Washington County's first motion for summary judgment. The involved correctional officers had been trained on the appropriate use of force and the County's use of force policy. Downes Aff. ¶ 7. The involved correctional officers had received all of the training required by the State of Tennessee. Downes Aff. ¶ 6. Washington County did not have a custom of allowing correctional officers to beat inmates. Downes Aff. ¶ 12. Washington County did not allow correctional officers to use force to punish inmates. Downes Aff. ¶ 10. If a correctional officer has to use force on an inmate, the correctional officer completes a "Subject Resistance Report", and those reports are reviewed by supervisors to determine that inappropriate force was not used. Downes Aff. ¶¶ 8-9. The involved correctional officers had not demonstrated conduct that would have required them to receive additional or remedial training with respect to the use of force. Downes Aff. ¶ 11. Immediately following the incident involving Stewart Peppers, the District Attorney General was contacted so that the TBI could be requested to investigate the incident. Downes Aff. ¶ 13.[1]

It is undisputed that Washington County makes use of a restraint chair, and the officers attempted to use the restraint chair on Stewart Peppers ("Peppers"). The parties dispute whether Peppers was actually restrained in the chair. Further, the plaintiffs assert that the use of the restraint chair and spit hood caused Peppers to asphyxiate and this "was the one and only cause

---

[1] The plaintiffs do not necessarily dispute the above facts. Instead, they assert that the training was not adequate and that the rest of the facts are irrelevant to for the purposes of this motion.

of the decedent's demise." [Doc. 77, ¶ 2], and Dragovic Aff. Doc. 66-1. The parties agree that the officers received informal, on-the-job training in the use of the restraint chair, and the training records do not reflect this training. However, Washington County does have a Restraint Chair Policy.

These next set of facts relate to Washington County's Second Motion for Summary Judgment. On July 6, 2013, the plaintiffs filed their Complaint and alleged that the defendant officers intentionally killed Stewart Peppers:

> 27. Plaintiffs aver that their son was intentionally killed by Defendants Lowe, Martin, Draper, Cornett, Garmin, and Richards either individually or in concert.

[Doc. 1, PageID #: 9 at ¶ 27]. On October 23, 2015, the plaintiffs asked Defendant Washington County to admit to the following additional material fact:

> 9. That the Defendant corrections officers' use of the restraint chair and spit hood caused the decedent to asphyxiate and was the one and only cause of the decedent's demise.

(Affidavit of L. J. Dragovic, Doc. 66-1) [Doc. 79, PageID #: 988]. On October 23, 2015, the plaintiffs filed a Memorandum Brief in Response to Washington County's Motion for Summary Judgment that states in pertinent part:

> The Plaintiffs, in the instant case, have shown that through the testimony of Dr. L. J. Dragovic, that the cause of death for the decedent was asphyxiation caused by and through the use of the Restraint Chair. . . . In the area of training as it relates to the Restraint Chair, the Defendant Washington County, Tennessee has left the Defendant corrections officers without clear direction with regard to the implementation of the device that is specifically the cause of the Plaintiffs' decedent's death.

[Doc. 78, PageID #: 984-85].

The plaintiffs responded to these facts by stating:

> 1. The Plaintiffs admit that paragraph nine of the compliant is accurately stated by the Defendant, however Plaintiffs' would state further that the actual cause of death at the time of filing said complaint was actually unknown to all parties. Plaintiffs therefore do not abandon the allegation contained in paragraph nine, and continue to maintain their cause of action for the constitutional violations that have been previously submitted.
>
> 2. The Plaintiffs admit that Dr. Dragovic opines that the cause of death is indeed asphyxiation from being restrained in the restraint chair while wearing the spit hood, however the Plaintiffs do not abandon the fact that the decedent was beaten while strapped in the restraint chair, which is a clear violation to the decedent's clearly established constitutional rights.
>
> 3. The Plaintiffs admit that in their brief filed on October 23, 2015, that they have submitted through their expert that the decedents asphyxiation was caused by the restraint chair, and that the officer lacked clear direction with regard to the use of the restraint chair, however this fact does not eliminate the constitutional violations perpetrated upon the decedent by beating him while restrained in the restraint chair or otherwise (Deposition of Shawn Dorsey, page 216, line 5-25, page 217 – 241).

[Doc. 93, pgs. 1-2].

Finally, these facts relate to the plaintiffs' Motion for Summary Judgment. Defendants rely upon expert testimony that decedent died from a condition known as "excited delirium." Plaintiffs assert that defendant officers received no training regarding how to recognize or handle inmates suffering from excited delirium. The defendants admit that the officers received no training. However, they argue that any alleged lack of training did not result in a constitutional violation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where Athe pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.@ Fed. R. Civ. P. 56(c). In ruling on a

4

motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat=l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court=s role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat=l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party=s pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists

5

cannot defeat a properly supported motion for summary judgment. *Id*. A genuine issue for trial is not established by evidence that is Amerely colorable,@ or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

## III. ANALYSIS

Again, this Court will address each motion in turn but not in the order of filing.

**A. Defendants' Second Motion for Summary Judgment, [Doc. 85].**

The defendants move for summary judgment and argue that judicial estoppel bars the plaintiffs from asserting inconsistent theories. Specifically, the plaintiffs allege in their Complaint that the defendant officers "intentionally killed" Peppers and sue them for "wrongful death." [Doc. 1, ¶ 27]. However, in the plaintiffs response to Defendant Washington County's motion for summary judgment, they argue that the "one and only cause of the decedent's demise" was asphyxiation from the use of the restraint chair and spit hood. [Doc. 79, PageID #: 988].

The plaintiffs are vague in their response. They argue, "Wherefore the Plaintiffs contend that the decedent's death and that the Plaintiffs beating are distinguishable and are separate and distinct violations of the decedent's constitutional rights and have been plead as such through notice pleadings regarding facts known at the time of filing of the original complaint. Plaintiff still contends that the discovery of the actual cause of death comports to the original pleadings and as such Defendants' Second Motion for Summary Judgment should be denied." From these statements, and the statements in response to the defendants' Statement of Undisputed Material Facts, [Doc, 93], which are quoted above, it appears that the plaintiffs no longer assert a wrongful death action against the officers.

6

To be sure, "judicial estoppel is most commonly applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one. It is an equitable doctrine invoked at a court's discretion." *Guar. Residential Lending, Inc. v. Homestead Mortgage Co.*, 291 F. App'x 734, 743 (6th Cir. 2008) (citations omitted). The plaintiffs cannot assert that Peppers was intentionally beaten to death by the officers and that he died of asphyxiation from a failure to train in the use of the restraint chair, for these are inconsistent causes of death. Based on the plaintiffs' responses and on the expert testimony upon which they have relied, their theory of the case is that the officers used excessive force on Peppers (which did not cause his death) in violation of his constitutional rights and that he died from asphyxiation from the improper use of the restraint chair and spit hood[2] which was a result of a failure to train by the County. Accordingly, the defendants' motion in this regard is GRANTED. No other theories have been asserted by the plaintiffs except a common law assault claim.[3]

### B. Plaintiffs' Motion for Summary Judgment, [Doc. 92].

The plaintiffs move for summary judgment and argue that they are entitled to summary judgment because "the Defendant Corrections Officers have been afforded no training with regard to the alleged controversial condition of 'excited delirium' and would therefore be deliberately indifferent to the inmates that would be housed inside the Washington County Detention Center, and would therefore render the Defendant Washington County, Tennessee

---

[2] This Court notes that there is no mention of the use of a spit hood in the Complaint or in the prior response to a motion for summary judgment based on qualified immunity.

[3] The Complaint is extremely vague. The plaintiffs did not plead in the alternative. The plaintiffs' argument that these inconsistent theories are included in the vague allegations of the Complaint is meritless. If the plaintiff wanted to plead alternatively, then the Complaint should have clearly set forth the allegations. Finally, it appears that the plaintiffs have asserted a common law assault claim, which none of the motions for summary judgment address. [Doc. 1, ¶ 28]. This allegation, including the two stated above, are the only allegations this Court gleans from the Complaint.

7

liable to the Plaintiffs for said deliberate indifference or at least in the alternative would create a genuine issue of material fact to be considered by the jury with regard to liability of the governmental entity, Defendant Washington County, Tennessee." [Doc. 94, pg. 3].

First, the defendants argue that the motion is not properly before the Court. They are correct. The deadline for filing a motion for summary judgment was October 1, 2015, [Doc. 48]. The plaintiffs filed their motion on November 23, 2015, without first seeking leave of the Court. Therefore, the motion is not properly before the Court.

Second, the defendants do not raise the issue, but the plaintiffs have never asserted in the Complaint or in prior filings that Peppers died from "excited delirium." It logically follows that in order to succeed on a theory of failure to train for excited delirium, the plaintiffs would have to assert Peppers suffered from excited delirium and have expert proof of the same. They have neither. To be sure, they assert a general failure to train allegation in their Complaint, but it fails to state in what areas Washington County failed to train or inadequately trained its officers. In addition, similar to the defendants' prior argument, it seems somewhat inconsistent that the plaintiffs can claim Peppers only died from asphyxiation due to the restraint chair but also claim he died from excited delirium. Nevertheless, the defendants did not raise these issues.

Finally, the defendants argue the motion fails on the merits. Again, the plaintiffs have not provided clear allegations and arguments regarding this issue. The plaintiffs essentially argue that because the defendants did not train on the condition of excited delirium, and because the defendants claim the defendant suffered from excited delirium and then died, that there was a constitutional violation on behalf of the County. The plaintiffs fail to specify facts or submit evidence to support their motion.

8

Case 2:13-cv-00180-JRG-MCLC Document 185 Filed 02/05/16 Page 8 of 14 PageID #: 1414

To establish liability under § 1983, a plaintiff must demonstrate that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) he was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1979)). Suits against defendants in their official capacities as county employees are essentially suits against the county. *See Fox v. Van Oosterum*, 176 F.3d 342, 347-48 (6th Cir. 1999) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55 (1978)); *see also Scott*, 205 F.3d at 879 n. 21. It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at 694. To prevail, the plaintiff must show that the alleged federal rights violation occurred because of a municipal policy or custom. *Id.*

In so doing, the plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003).

A plaintiff may look to four different avenues to prove the existence of a municipality's illegal policy or custom: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Monell*, 436 U.S. at 694. Inadequate training may serve as the basis for liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Cherrington*, 344 F.3d

9

at 646. Specifically, "[t]o succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

The plaintiffs did not provide evidence that Peppers suffered from excited delirium in order to support the contention that there was an underlying constitutional violation based on this condition. They fail to show how the officers responded inadequately to this condition. This Court assumes the plaintiffs argue that the officers should not have placed Peppers into the restraint chair, but the record is unclear as to what they assert actually is the underlying constitutional violation based on excited delirium. This Court does not decide issues based on assumptions. It is, however, clear that the officers did not receive specific training on excited delirium. That does not end the inquiry.

The failure to train must result from the County's deliberate indifference and be the "moving force" behind the violation. Again, the plaintiffs fail to specify which constitutional injuries might have resulted from the lack of training on excited delirium. They have failed to point to any evidence in the record that might tend to establish a direct causal link between the officers' allegedly deficient training and a particular injury suffered by Peppers. This Court declines to engage in such a "generalized open-ended inquiry whether a lack of proper training could have been the 'moving force' behind some constitutional violation that be gleaned from the record." *Cherrington*, 344 F.3d at 646. As such, the plaintiffs' motion is DENIED.

**C. Defendant Washington County's Motion for Summary Judgment, [Doc. 71].**

10

Defendant Washington County moves for summary dismissal of all claims because there is no evidence of a policy or practice that was a "moving force" in causing any alleged violation of Pepper's constitutional rights. The plaintiffs allege:

> 25. Plaintiffs further avers that Defendant Washington County, Tennessee is liable to Plaintiffs' decedent in that (1) the policies and/or customs of Washington County, Tennessee was the moving force behind the violation of Plaintiff's federal constitutional rights, (2) Defendant Graybeal is the final policy maker of Washington County, Tennessee relative to use of force by corrections officers in the Washington County Jail, (3) Defendant Washington County, Tennessee was deliberately indifferent to the training of jail staff relative to the use of force and treatment of inmates, and Defendant Washington County, Tennessee ratified the actions of the jail staff regarding excessive force and abusive treatment of Plaintiffs' decedent, and accordingly, incurs § 1983 liability for the same.

[Doc. 1, ¶ 25]. Once again, it is unclear exactly what the plaintiffs specifically are alleging. Therefore, Defendant Washington County addressed each of these allegations in terms of a lack training regarding the use of force. In the plaintiffs' response, [Doc. 78], the plaintiffs seem to, for the first time, allege a specific cause of action, i.e. a failure to adequately train the officers in the use of the restraint chair. The plaintiffs fail to address any of the other arguments advanced by Washington County. Therefore, the plaintiffs have abandoned those claims, and summary judgment is proper. As such, the motion is GRANTED in those regards. *See Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.").

The Court will now address the only remaining allegation against Washington County, i.e. failure to adequately train officers in the use of the restraint chair. Washington County argues it is entitled to summary judgment on this issue as well.

Regrettably, this Court must once again stress the inadequacy of plaintiffs' allegations and responses. It is unclear from the record as a whole what exact constitutional violation or violations the plaintiffs are alleging occurred as a result of the failure to adequately train the officers in the use of the restraint chair. It could be that they contend the restraint chair should not have been used at all, for in their filings responding to the first summary judgment motion filed by defendant officers based on qualified immunity, they state that Peppers was unresponsive due to being beaten by the officers prior to being placed in the chair. [Doc. 29]. It could be that they argue that the officers used excessive force in placing him in the chair. It could be that they contend the officers should not have continued to beat him once placed in the chair. [Doc. 29]. It could be that they allege that the officers improperly fastened Peppers into the chair and/or improperly applied the spit hood contrary to the manufacturer's instructions, causing the asphyxiation. It could be that the officers left Peppers in the restraint chair too long without providing medical attention. Speculation aside, the problem remains that the filings do not specify, and this Court refuses to guess at, the particular constitutional violation or violations alleged. Without knowing the constitutional violation or violations alleged, it makes further analysis almost impossible.

In *Rigney v. Marcum*, No. CIV. 06-187-REW, 2007 WL 2979931, at *8 (E.D. Ky. Oct. 11, 2007) the court stated:

> "The district court is not required to search the record to determine whether genuine issues of material fact exist where the nonmoving party has failed adequately to respond to a summary judgment motion." *See Young v. City of Cleveland*, 2000 WL 924590, at *2 (6th Cir. June 26, 2000); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the trial court may rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). "If the role of the trial court was not limited in this way, the trial court would be compelled to search all the materials submitted for

12

> genuine issues of material fact, develop legal theories and generally champion the position of the nonmoving party." *Young*, 2000 WL 924590, at *2 (citing *Guarino*, 980 F .2d at 405-07).

*Id.* As such, this Court refuses, once again, the litigate plaintiffs' case for them.

That being said, the plaintiffs' case fails on the merits. The record indicates that defendant officers received on-the-job training in the use of the restraint chair. There is no evidence in the record that this training was so inadequate as to rise to the level of deliberate indifference. Furthermore, there is no evidence in the record that any alleged deliberate indifference was the "moving force" causing an alleged constitutional violation. The plaintiffs fail to even state as much, much less offer any proof. Washington County's summary judgment motion is GRANTED. *See Laury v. Rodriquez*, No. 13-15059, 2015 WL 2405648, at *11-12 (E.D. Mich. May 20, 2015); *Lister v. Pickaway County Sheriff's Office*, No. 2:14-cv-269, 2015 WL 671997, at *5 (S.D. Ohio Feb. 17, 2015); *Crandall v. Genesee County*, No. 09-12677, 2012 WL 2367142, at *14 (E.D. Mich. June 21, 2012); *Berishaj v. City of Warren*, Nos. 04-70998, 05-71476, 2006 WL 2069440, at *21 (E.D. Mich. July 26, 2006); *Beyer v. City of Johnson City*, No. 2:01-CV-45, 2003 WL 23737298, at * 5-6 (E.D. Tenn. Feb. 24, 2003).

## IV. CONCLUSION

For the reasons set forth above, both of defendants' motions are GRANTED, [Docs. 71 and 85], and the plaintiffs' motion is DENIED, [Doc. 92].

Due to these rulings, the only remaining claims are excessive force that did not result in death and assault against the officers. As such, the parties shall file notices with this Court no later than 5:00 p.m. on Monday, February 8, 2016 and specify how these rulings affect the pending motions in limine.

ENTER:

                                                s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE