UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JOE PEPPERS and NATASHA PEPPERS, )
As surviving natural parents and next of kin of )
STEWART PEPPERS, deceased, )
)
      Plaintiff, )
)
v. ) No. 2:13-CV-180
)
WASHINGTON COUNTY, TENNESSEE, *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

The plaintiffs filed this section 1983 action and allege the defendants violated the Fourteenth Amendment rights of their son, who was a pretrial detainee, by using excessive force, resulting in his death. The individual capacity defendants moved for summary judgment, [Doc. 15], based upon qualified immunity. The Court denied the motion, for there existed genuine issues of material facts taking the facts in the light most favorable to the plaintiff. [Doc. 47]. Then, the parties filed several motions regarding Defendant Washington County, Tennessee. First, Defendant Washington County filed a Motion for Summary Judgment, [Doc. 71]. The plaintiffs responded, [Doc. 76]. Based on assertions made in the Response, all defendants filed a Second Motion for Summary Judgment, [Doc. 85], once they received leave from this Court. Without seeking leave from this Court, the plaintiffs filed their own Motion for Summary Judgment as part of their Response to defendants' Second Motion for Summary Judgment, [Doc. 92]. The Court granted both of defendants' motions, [Docs. 71 and 85], and denied the

plaintiffs' motion, [Doc. 92]. Due to these rulings, the only remaining claims are excessive force that did not result in death and assault asserted against the officers.

In preparation for the trial, the plaintiffs filed a "Motion to Designate Deposition Testimony," [Doc. 200]. The defendants opposed the motion, [Doc. 203], on two main grounds: 1. The deadline for designating depositions had passed, and 2. The testimony was inadmissible hearsay. The Court denied the motion because the testimony is hearsay pursuant to Federal Rule of Evidence 804(b)(1), [Doc. 225].[1]

Both parties have now filed Motions to Reconsider, [Docs. 226 and 227]. The defendants move the Court to reconsider its decision regarding qualified immunity, and the plaintiffs move the Court to reconsider the denial of the wrongful death claim and the decision regarding the use of the deposition testimony.

The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders. The Court's power to reconsider exists under federal common law, *see, e.g., City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001), and there is additional support in Federal Rule of Civil Procedure 54(b). *See Fayetteville v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991) (approving of Rule 54(b) as a proper procedural vehicle for bringing motions to reconsider interlocutory orders). Under Rule 54(b), an order that determines fewer than all the claims or rights of the parties does not terminate the action, and the order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Again, this Court has authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. *See Mallory*

---

[1] The facts underlying all of these motions are set forth in more detail in the Court's Memorandum Opinions, [Docs. 47, 185 and 225] and are incorporated herewith.

2

*v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). This authority allows district courts "to afford such relief from [interlocutory orders] as justice requires." *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F.Supp. 976, 981 (D. D.C. 1994); *see also Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998). Neither party addresses the issues raised in their motions via this standard. The Court will discuss each motion in turn, starting with the plaintiffs' motion.

## I. WRONGFUL DEATH CLAIM

The defendants moved for summary judgment and argued that judicial estoppel bars the plaintiffs from asserting inconsistent theories, i.e. that the defendant officers "intentionally killed" Peppers, suing them for "wrongful death," [Doc. 1, ¶ 27], and that the "one and only cause of the decedent's demise" was asphyxiation from the use of the restraint chair and spit hood, [Doc. 79, PageID #: 988]. The Court agreed with the defendants.

To review, the plaintiffs Complaint alleged the following:

> 15. At the point that Peppers was shouting obscenities at the jail personnel, Defendant Lowe, accompanied by Defendants Martin, Draper, Cornett, Garmin, and Richards entered the cell occupied by the Peppers and began to beat Peppers.
>
> 16. After the initial beating, Peppers was placed in and strapped to a restraint chair that prevented Peppers from being able to move, at which point, Defendant Lowe continued to beat Peppers, by striking him repeatedly in the face with his fists.
>
> 17. Over the course of the beating, chemical spray and electrical tasers were implemented and used. The duration of this incident continued for approximately twenty minutes.
>
> 18. At the conclusion of the beating, the Defendants laid Peppers on the floor and began to perform CPR that appeared to be

3

> unsuccessful. At which point, the Defendants called the Nurse, who in turned called for Emergency Medical Technicians (EMTs).
>
> . . . .
>
> 27. Plaintiffs aver that their son was intentionally killed by Defendants Lowe, Martin, Draper, Cornett, Garmin, and Richards either individually or in concert.

[Doc. 1, PageID #: 9 at ¶ 27]. On October 23, 2015, the plaintiffs asked Defendant Washington County to admit to the following additional material fact:

> 9. That the Defendant corrections officers' use of the restraint chair and spit hood caused the decedent to asphyxiate and was the one and only cause of the decedent's demise.

(Affidavit of L. J. Dragovic, Doc. 66-1) [Doc. 79, PageID #: 988]. The plaintiffs referred the Court to their expert's affidavit, which they attached in support of a motion in limine and not summary judgment, to support this statement of "undisputed material fact." That affidavit states in part,

> 8. Cause of Death represents demonstrable abnormal anatomic findings in the body and/or on the body, indicative of a pathophysiologic mechanism of death and in this particular case that mechanism is asphyxiation due the restraining the decedent in the restraint chair and use spit hood by the corrections officers involved.
>
> 9. These physical circumstances of the applied physical restraint brought about a combination of perilous factors of blocking the openings of the airways and simultaneously applying pressure on the body as a result of passive and active restraint that exceeds the threshold of allowing adequate expansion of the lungs and adequate oxygenation blood to necessary to maintaining vital functions of the human body.
>
> 10. The gross and microscopic appearance of the decedent's lungs leave no doubt that asphyxia resulting from the physical force of the restraint combined with the spit hood applied to the face was the one and only causative mechanism of Mr. Pepper's demise.

4

On October 23, 2015, the plaintiffs filed a Memorandum Brief in Response to Washington County's Motion for Summary Judgment that states in pertinent part:

> The Plaintiffs, in the instant case, have shown that through the testimony of Dr. L. J. Dragovic, that the cause of death for the decedent was asphyxiation caused by and through the use of the Restraint Chair. . . . In the area of training as it relates to the Restraint Chair, the Defendant Washington County, Tennessee has left the Defendant corrections officers without clear direction with regard to the implementation of the device that is specifically the cause of the Plaintiffs' decedent's death.

[Doc. 78, PageID #: 984-85].

The plaintiffs further stated:

> 1. The Plaintiffs admit that paragraph nine of the compliant is accurately stated by the Defendant, however Plaintiffs' would state further that the actual cause of death at the time of filing said complaint was actually unknown to all parties. Plaintiffs therefore do not abandon the allegation contained in paragraph nine, and continue to maintain their cause of action for the constitutional violations that have been previously submitted.
>
> 2. The Plaintiffs admit that Dr. Dragovic opines that the cause of death is indeed asphyxiation from being restrained in the restraint chair while wearing the spit hood, however the Plaintiffs do not abandon the fact that the decedent was beaten while strapped in the restraint chair, which is a clear violation to the decedent's clearly established constitutional rights.
>
> 3. The Plaintiffs admit that in their brief filed on October 23, 2015, that they have submitted through their expert that the decedents asphyxiation was caused by the restraint chair, and that the officer lacked clear direction with regard to the use of the restraint chair, however this fact does not eliminate the constitutional violations perpetrated upon the decedent by beating him while restrained in the restraint chair or otherwise (Deposition of Shawn Dorsey, page 216, line 5-25, page 217 – 241).

[Doc. 93, pgs. 1-2].

The plaintiffs further argued vaguely in their Response, "Wherefore the Plaintiffs contend that the decedent's death and that the Plaintiffs beating are distinguishable and are separate and

5

distinct violations of the decedent's constitutional rights and have been plead as such through notice pleadings regarding facts known at the time of filing of the original complaint. Plaintiff still contends that the discovery of the actual cause death comports to the original pleadings and as such Defendants' Second Motion for Summary Judgment should be denied."

The Court concluded from these statements that it appeared that the plaintiffs no longer assert a wrongful death action against the officers. Furthermore, the Court stated that the plaintiffs cannot assert that Peppers was intentionally beaten to death by the officers and that he died of asphyxiation from a failure to train in the use of the restraint chair, for these are inconsistent causes of death. Based on the plaintiffs' responses and on the expert testimony upon which they have relied, the Court concluded that their theory of the case is that the officers used excessive force on Peppers (which did not cause his death) in violation of his constitutional rights and that he died from asphyxiation from the improper use of the restraint chair and spit hood which was a result of a failure to train by the County.

To be frank, this Court has had difficulty from the onset determining plaintiffs' precise allegations and arguments in this case. The Complaint used vague and conclusory language. It uses passive voice to allege "their son was intentionally killed by [the officers]." It states no factual assertions as to how this intentional killing was accomplished. From the facts asserted elsewhere in the Complaint, the only conclusion is that the allegation is that he was beaten to death. The use of the spit hood was not even mentioned. There are no facts as to how Peppers was restrained, only that he was placed in and strapped into a restraint chair that prevented movement. There is no allegation that this restraint caused the death. Only after their expert issued his opinion as to the cause of death did the plaintiffs start arguing that the death was not

6

due to blunt force trauma but instead, according to the expert's opinion, the "cause of death is indeed asphyxiation from being restrained in the restraint chair while wearing the spit hood."

The plaintiffs' responsive arguments to the defendants' motion for summary judgment on this issue are not clear. The gist of the argument is that the notice pleading requirements have been satisfied, and all theories are viable. This is not a situation where the plaintiffs have pled alternatively. This is a situation where they plead vague and conclusory allegations and have asserted different theories depending upon how the proof developed and what the opposing side argued. The allegations must be supported by facts, and the arguments must point the Court to these facts. Here, the facts alleged as to wrongful death were that the plaintiff was beaten to death. The plaintiffs did not move to amend their Complaint to clearly assert that the wrongful death was caused by anything other than beating.

Similarly, only after the defendants filed their second and third motions for summary judgment did the plaintiffs assert more specific theories as to failure to train. Again, the Complaint was vague and conclusory. It stated in paragraph 25, "Defendant Washington County, Tennessee was deliberately indifferent to the training of jail staff relative to the use of force and treatment of inmates." There are no factual allegations to support this claim other than the general facts listed elsewhere in the Complaint. Those facts never mention any training or lack thereof. Again, only after their expert opined as to the cause of death did they assert the County failed to train the officers regarding the use of the restraint chair and spit hood. It was only after the defendants asserted their cause of death, excited delirium, that the plaintiffs once again changed their theory to assert an additional theory that the County failed to train the officers on the condition of excited delirium. As to all of these theories as well, the plaintiffs

7

never moved to amend their Complaint to supplement with facts or to bring their allegations beyond mere vague and conclusory claims.

Now, the plaintiffs fail to clarify this wrongful death issue in their motion to reconsider. The plaintiffs seem to argue that the Court should reconsider its prior ruling based on newly discovered evidence. They appear to argue that Dorsey's affidavit and deposition testimony in combination with Eric Bradford's deposition testimony consistently establish the facts necessary to support a wrongful death allegation based upon the use of the restraint chair and spit hood. First, this Court notes that Dorsey's deposition testimony has been excluded. Although the plaintiffs move the Court to reconsider the exclusion, for the reasons set forth below, this Court affirms its prior ruling. Second, Eric Bradford's affidavit was available on April 15, 2015, well before the filing of defendants' second and third motions for summary judgment and before plaintiffs' motion for summary judgment. The plaintiffs chose not to rely upon it and did not submit it to support their positions on the motions. It is true that Bradford's deposition was not taken until February 5, 2016. However, the information contained in the affidavit cannot be considered newly discovered. This Court has thoroughly read both and so concludes.

If the plaintiffs' argument is that the Court should reconsider its prior ruling because of a need to correct a clear error or prevent manifest injustice, then this argument, too, fails. The plaintiffs have not stated how the prior ruling was error. They have not asserted how these factual assertions do not directly contradict earlier assertions made. They cannot claim both that Stewart Peppers was beaten to death and claim that the use of the restraint chair and spit hood by the defendants caused his death. The allegations of wrongful death in the Complaint were based upon the factual assertions that he was beaten to death. That is the only conclusion that can be drawn from the allegations in the Complaint. The plaintiffs have no expert proof of this claim.

8

Peppers did not die of blunt force trauma. Peppers changed their factual allegations as to cause of death because of their expert's opinion. These two are inconsistent and judicial estoppel bars the wrongful death claim.

In addition, the Court notes that the record is devoid of admissible evidence to support a wrongful death claim due to the use of the restraint chair and spit hood even if that cause of action were consistent with wrongful death due to beating. Again, Dorsey's deposition testimony is inadmissible. Bradford's testimony never mentions the use of a spit hood. Moreover, Bradford testifies that he never saw Peppers placed in or restrained in the restraint chair. He can only testify that at one point the restraint chair was taken into Pepper's cell and sometime thereafter it was removed from the cell.

## II. DORSEY TESTIMONY

The plaintiffs also ask the Court to reconsider its ruling that Dorsey's deposition testimony is inadmissible hearsay. The plaintiffs fail to argue that the ruling should be reconsidered because of an intervening change of controlling law, new evidence available, or a need to correct a clear error or prevent manifest injustice. The Court assumes the plaintiffs' argument is that the Bradford deposition is new evidence, but this is not the case. In addition, even if Bradford's testimony were consistent with portions of Dorsey's testimony,[2] it does not change the fact that the defendants lacked a full opportunity to cross-examine Dorsey on a statement that directly calls into question the reliability of his prior statement. Moreover, the Court has reviewed all of the plaintiffs' arguments in this regard and the defendants' responses. The plaintiffs' arguments are not well taken.

---

[2] The critical issue in the case is whether the defendants used excessive force while Peppers was resisting (or not resisting). Dorsey's testimony is the only evidence the plaintiffs have to support the allegation that Peppers was not resisting. Bradford's testimony clearly states he cannot testify as to this critical fact because he could not see the altercation. Thus, his testimony cannot be consistent or bolster Dorsey's testimony on this critical fact.

9

## III. QUALIFIED IMMUNITY

The defendants have moved the Court to reconsider its prior ruling that there was an issue of fact as to whether the defendants were entitled to qualified immunity. The defendants fail to argue that the Court should reconsider due to an intervening change of controlling law, new evidence available, or a need to correct a clear error or prevent manifest injustice. The Court assumes it is to prevent manifest injustice.

In sum, the plaintiffs responded to the defendants' motion for summary judgment based on qualified immunity with the Affidavit of Shawn Dorsey. Because this Court had to take the facts in the light most favorable to the plaintiffs, this Court concluded that Dorsey's affidavit created a genuine issue of fact as to whether the defendants violated Peppers's constitutional rights by using force even though he was not resisting. This affidavit was the only testimony that Peppers did not resist officers and that they used force anyway.

Dorsey testified at a discovery deposition, but by no fault of the plaintiffs, he refused to testify at a deposition for proof. This Court has since held that this deposition testimony is inadmissible hearsay. Thus, the only proof in the record is the prior affidavit and a newly submitted deposition and affidavit attached thereto from Bradford.

As this Court previously stated, the Bradford testimony fails to address the critical issue in the case for qualified immunity purposes, i.e. whether Peppers was resisting at the time force was used. Therefore, Dorsey's affidavit is the only proof in the record to counter defendants' claims that Peppers was resisting.

The Sixth Circuit has stated:

> The submissions by a party opposing a motion for summary judgment need not themselves be in a form that is admissible at trial. Otherwise, affidavits themselves, albeit made on personal knowledge of the affiant, may not suffice, since they are out-of-

10

> court statements and might not be admissible at trial. However, the party opposing summary judgment must show that she can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary. Such "'evidence submitted in opposition to a motion for summary judgment must be admissible.'"

*Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009) (citations omitted).

In *Bortell v. Eli Lilly & Co.*, 406 F. Supp. 2d 1, 8-9 (D.D.C. 2005), the court ruled that affidavits from two people who were unavailable to testify at trial did not meet Rule 56(e)'s requirements. Since they were unavailable, the plaintiff in that case had not "shown that the affiants are 'competent to testify to the matters contained'" in their affidavits. *Id*. (citing Fed. R. Evid. 56(e)). As such, without their availability at trial to "undergo cross-examination either at trial or in a pre-trial deposition," then the affidavits were hearsay. *Id*. In addition, that court held that the residual exception to Evidence Rule 807 did not apply.

The Court agrees with the *Bortell* court's reasoning. In addition, here, this Court has ruled that the defendants' did not have a full opportunity to cross-examine Dorsey at the previous deposition and statements made thereafter directly call into question the reliability of the previous testimony. It certainly follows that they did not have to opportunity to cross-examine him based on the information contained in the affidavit. The affidavit may not be considered on this motion to reconsider the Court's ruling on qualified immunity. *See Davis v. Kendrick*, No. 14-12664, 2015 WL 6470877, at *6 (E.D. Mich. Oct. 27, 2015) (excluding proffered testimony from consideration at the summary judgment stage because it could not be placed into any form that would be admissible at trial); *Bouriez v. Carnegie Mellon Univ.*, No. CIV.A. 02-2104, 2005 WL 2106582, at *8 (W.D. Pa. Aug. 26, 2005) ("Hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present

11

that evidence through direct testimony. . . . [T]he mere possibility that hearsay statement will be presented in form of admissible evidence at trial does not warrant consideration of hearsay evidence at summary judgment stage.").

Because the affidavit may not be considered, the plaintiffs have failed to present any evidence to create a genuine issue of fact for trial as to the excessive force claim.[3] As such, the motion to reconsider is GRANTED, and the defendants' summary judgment motion on qualified immunity is GRANTED.

## IV. CONCLUSION

For the reasons set forth above, the plaintiffs' motion is DENIED, [Doc. 227], and the defendants' motion is GRANTED, [Doc. 226]. Accordingly, the only claim that remains is the common law assault claim against the individual defendants. However, this claim was not included in the Final Pretrial Order, which supplants the pleadings. Therefore, no claims remain and a separate judgment shall enter.[4]

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[3] The plaintiffs' proposed circumstantial evidence is not sufficient to create a genuine issue of fact. The present case is similar to *Burdine v. Sandusky County, Ohio*, 524 Fed. App'x 164, 169 (6th Cir. 2013). In *Burdine*, an arrestee's parents filed a section 1983 suit against the county, city and officers for excessive force. *Id*. at 164. The plaintiffs' expert opined that the cause of death was asphyxia due to the police compressing the neck and back of the deceased while he was being restrained by police and not caused by excited delirium. *Id*. at 167. The Court held that this opinion testimony does not raise a genuine issue of material fact when it relied on the expert's interpretation of other evidence to reach the conclusion, namely that the deceased was unconscious when EMTs arrived at the jail. *Id*. at 169. No other evidence in the record supported the belief that the deceased was unconscious at that point. *Id*.

Likewise, the plaintiffs' expert's testimony in this case is not sufficient to create a genuine issue of material fact when there is no other evidence in the record that the officers were compressing Stuart Peppers in a way to cause asphyxiation while Stuart Peppers was not resisting.

[4] Due to this ruling, the defendants' motion in limine, [Doc. 224], is DENIED AS MOOT.